IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALLEN E. COLEMAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Cause No. EP-14-417 |
| | ) | |
| TRICAN WELL SERVICE, L.P., | ) | Jury Trial Requested |
| | ) | |
| *Defendant.* | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, ALLEN E. COLEMAN, complaining of the Defendant, TRICAN WELL SERVICE, L.P., and would allege the following.

## PARTIES

1. Plaintiff is resident of El Paso County, Texas.

2. Defendant is a corporation headquartered in Houston, Texas, and it may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION

3. This action arises under Title VII of the Civil Rights Act of 1964 and 42 USC §1981, which prohibits employment discrimination and retaliation.

4. Plaintiff has complied with all necessary administrative prerequisites. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity

Commission. The EEOC issued its Notice of Right to Sue on October 9, 2014, and suit was timely filed thereafter.

## **VENUE**

5. Pursuant to 28 USC 1391(b)(2), venue is proper in the Western District of Texas because all or a substantial part of the events giving rise to the claim occurred in this district.

## **FACTS**

6. Plaintiff was hired by Defendant on December 5, 2011, and was last employed as a Mechanic III.

7. During Plaintiff's first year of employment, Plaintiff worked in a racially hostile working environment in which African-American employees were opening referred to as "niggers," and subjected to disparate and hostile treatment, including violence and threats of violence.

8. On or about September 3, 2012, Plaintiff complained about discriminatory treatment to Casey Robertson, Employee Relations Manager at the Defendant's Houston, Texas corporate office. Plaintiff's complaints included being referred to as a "nigger" or "dumb nigger" by supervisors, and being passed over for a promotion by a less qualified white selectee who had no college degree and less seniority than Plaintiff.

9. After the complaint, Mr. Robertson went to Odessa to interview witnesses. Upon information and belief, no employees were disciplined for their discriminatory remarks. After the "investigation," Mr. Robertson advised Plaintiff he had to adjust his attitude and get along with co-workers.

10. Unsatisfied with the Defendant's response to his discrimination complaint, and aware that discriminatory treatment towards African-Americans was ongoing, Plaintiff filed a formal complaint of race discrimination with the U.S. Equal Opportunity Commission on January 16, 2013 (Charge # 453-2013-00302). Four other African-American employees with the Defendant also filed race discrimination complaints with the EEOC during the same time period.

11. After the race discrimination complaints were filed, the El Paso, Texas office of the EEOC conducted a very lengthy investigation that included an onsite investigation and the interview of several witnesses. The EEOC complaints and subsequent investigation resulted in the terminations, or resignations in lieu of termination, of several employees engaged in racially hostile behavior.

12. On January 28, 2014, Plaintiff received a text message from Gustavo Alvarez asking him to go to yard. Plaintiff met with Alvarez, James Schider, Dustin Guedry, and Raquel Vasquez, an HR Representative from Houston. Plaintiff was requested to provide a statement about what occurred on January 27, 2014.

13. On or about January 30, 2014, Plaintiff was called in to a meeting with Alvarez, Guedry, and Vasquez. Guedry directed Plaintiff to turn off his cell phone, stating "I know how you all are." Plaintiff was informed by Guedry that his employment was being terminated for insubordination and lying during an investigation. Plaintiff asked for an explanation and evidence, but was advised it was not up for discussion. No written termination notice was provided to the Plaintiff.

14. On the date of his termination, Plaintiff's discrimination charge was still open and pending with the EEOC.

15. On the date of his termination, Plaintiff was the last of the four African-American employees still working who had filed EEOC complaints against the Defendant twelve months earlier.

## COUNT ONE – RACE DISCRIMINATION

16. The above allegations are re-alleged and adopted by reference.

17. Plaintiff asserts that the proffered reason for his termination was a pretext and that his race (African-American) was a motivating factor and consideration in his termination.

## COUNT TWO – RETALIATION

18. The above allegations are re-alleged and adopted by reference.

19. Plaintiff asserts that the proffered reason for his termination was a pretext and that he was terminated because of his previous charge of discrimination filed with the EEOC.

20. Plaintiff requests trial by jury.

   WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cite the Defendant to answer and appear, and upon final trial enter a judgment upon his favor and award the following:

   1. Injunctive and equitable relief;
   2. A declaratory judgment that the practices complained of herein are unlawful;
   3. Back pay and benefits;
   4. Reinstatement. If reinstatement is not feasible, front pay and benefits;
   5. Compensatory damages;
   6. Punitive damages;
   7. Attorney's fees;
   8. Costs;

9. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;

10. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show himself to be justly entitled.

                Respectfully submitted,

                /s/ *John A. Wenke*
                JOHN A. WENKE
                State Bar No. 00788643
                501 E. California Ave.
                El Paso, Texas 79902
                Telephone (915) 351-8877
                Facsimile (915) 351-9955
                Attorney for Plaintiff