IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALLEN E. COLEMAN,<br>    Plaintiff,<br><br>v.<br><br>TRICAN WELL SERVICE,<br>L.P.,<br>    Defendant. | §<br>§<br>§<br>§   EP-14-CV-417-PRM<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION
## AND ORDER TRANSFERRING CAUSE TO THE
## MIDLAND DIVISION OF THE WESTERN DISTRICT OF TEXAS

On this day, the Court considered Defendant Trican Well Service, L.P.'s "Motion to Transfer Venue" (ECF No. 4) [hereinafter "Motion"], filed on December 5, 2014; and Plaintiff Allen E. Coleman's "Response to Defendant's Motion to Transfer Venue" (ECF No. 7) [hereinafter "Response"], filed on December 12, 2014, in the above-captioned cause. After due consideration, the Court is of the opinion that the Motion should be granted, and the above-captioned cause should be transferred to the Midland Division of the Western District of Texas pursuant to 28 U.S.C. § 1404(a), for the reasons that follow.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2014, Plaintiff filed his "Complaint" (ECF No. 1) in the Western District of Texas, El Paso Division. In his Complaint, Plaintiff alleges that Defendant, his former employer, discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Compl. 1. Defendant is a corporation headquartered in Houston, Texas. *Id.* Plaintiff worked for Defendant in its Odessa, Texas facility as a mechanic from December 5, 2011 until his termination in January, 2014. *Id.* 3. Defendant's Odessa, Texas facility is located in Ector County, Texas. Mot. Ex. A, at 2. Plaintiff is a resident of El Paso County, Texas.

In its Motion, Defendant argues that this case should be transferred to the Midland Division of the Western District of Texas pursuant to 28 U.S.C. § 1404. Mot. 1. In support of its Motion, Defendant notes the following facts: (1) all of the events that form the basis for Plaintiff's allegations occurred in Ector County, Texas; (2) all of Defendant's allegedly unlawful practices occurred in Ector County, Texas; (3) all of the key witnesses reside in Ector County, Texas; and (4) Ector County, Texas is in the Midland Division of the Western District

2

of Texas. *Id.* 2, 4. Plaintiff opposes the transfer and asserts inter alia (1) that his choice of forum is entitled to deference and (2) that Defendant "has not carried its burden" to establish that the Midland Division is clearly more convenient than the forum chosen by Plaintiff. Resp. 1, 4.

## II.  LEGAL STANDARD

Section 1404(a) of Title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have "broad discretion in deciding whether to order a transfer" pursuant to § 1404(a). *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)). However, "[w]hen the movant demonstrates that the transferee venue is clearly more convenient" than the venue chosen by the plaintiff, "it has shown good cause and the district court should grant the transfer." *In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008).

3

"The threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). If the answer to that question is yes, then a court must consider a variety of public and private interest factors to determine whether the movant's choice of forum is "clearly more convenient." *Id.* The private interest factors that courts are directed to consider are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314 (quoting *Volkswagen I*, 371 F.3d at 203) (internal quotation marks omitted). The public interest factors that courts consider are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (alteration in original) (citations omitted) (quoting *Volkswagen I*, 371 F.3d at 203). These factors, although appropriate in most cases,

4

"are not necessarily exhaustive or exclusive." *Id.* Moreover, none of the factors "can be said to be of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004) (internal quotation mark omitted).

## III. ANALYSIS

### A. Whether Suit Could Have Been Brought in the Proposed Transferee Forum

Pursuant to the § 1404(a) framework, the Court must first determine whether the suit could have been brought in the Midland Division. Title VII contains a special venue provision which provides that "an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Plaintiff alleges that he faced discrimination on the basis of race at his workplace. Compl. 2. He also alleges that Defendant retaliated against him and ultimately discharged him for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id.* 4. The alleged discrimination and retaliation occurred at Defendant's Odessa facility, located in Ector County, Texas. Mot. 7–8. Pursuant to Title VII's venue provision,

5

venue is proper in any district in the state of Texas because the unlawful employment practices—discrimination and retaliation—occurred in Texas. Accordingly, both the Midland and the El Paso Divisions of the Western District of Texas are proper venues for this suit. Because Plaintiff could have filed his Complaint in the Midland Division, the Court will now determine whether Defendant has carried its burden to show that the Midland Division is a more convenient forum.

## B. Whether Plaintiff's Choice of Forum is Entitled to Deference

Before turning to the public and private interest factors, the Court will consider Plaintiff's argument that his choice of forum is entitled to deference. Resp. 4. Plaintiff asserts that a plaintiff's choice of forum is entitled to deference, especially where a plaintiff brings a civil rights complaint. *Id.*

In general, a party seeking a transfer must show good cause. *Volkswagen II*, 454 F.3d at 324. As the Fifth Circuit has explained, "[t]his 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.* Moreover, based upon the

6

Fifth Circuit's analysis in *Volkswagen II*, one court has concluded that "[t]he plaintiff's choice of venue is not a factor in [§ 1404] analysis." *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F.Supp.2d 761, 765 (E.D. Tex. 2009) (citing *Volkswagen II*, 454 F.3d at 314–15).

Plaintiff claims, however, that the broad venue provision of Title VII was enacted "to allow plaintiffs to assert venue outside the district where they experienced discrimination, where they may be most likely to face hostile courts or juries."[1] Resp. 5 (citing *Hotchkiss v. CSK Auto, Inc.*, No. C11-1646 MJP, 2012 WL 380288, at *2 (W.D. Wash. Feb. 3, 2012); *Ellis v. Costco Wholesale Corp.*, 372 F.Supp.2d 530, 538 (N.D. Cal. 2005), *overruled in part on other grounds*, 657 F.3d 970 (9th Cir. 2011)). Thus, according to Plaintiff, "although section 1404's venue-transfer provision still applies to Title VII cases, the plaintiff's choice of venue is entitled to even greater deference under Title VII than in other cases." *Id.* 5–6 (citations omitted). The Court notes that Plaintiff did not cite, nor can the Court find, any Fifth Circuit case law supporting this specific proposition. Rather, the Fifth Circuit has suggested that

---

[1] While it is *possible* that the district in which the alleged discrimination and/or retaliation allegedly occurred may be hostile to such claims, it is equally *possible* for courts or juries to view such claims with sensitivity given the nature of the claims and the interest in having law-abiding employers in their locale.

7

Title VII plaintiffs are not entitled to any greater deference in their choice of forum. *See In re Horseshoe Entm't*, 337 F.3d 429, 436 (5th Cir. 2003) (en banc) (concluding that the district court "erred in attributing decisive weight to the [Title VII] plaintiff's choice of forum").

Moreover, Title VII's special venue provision makes a specific reference to § 1404, thus confirming its applicability in Title VII actions. *See* 42 U.S.C. § 2000e-5(f)(3) ("For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."). Accordingly, the Court concludes that Plaintiff's choice of forum, in the context of Fifth Circuit precedent, is not entitled to greater deference merely because Plaintiff brings a civil rights complaint.

C.   **Private Interest Factors**

1.   **Relative Ease of Access to Sources of Proof**

Turning to the private interest factors, the first factor to consider is the relative ease of access to sources of proof, specifically documents and records. *See Optimum Power Solutions LLC v. Apple, Inc.*, 794 F. Supp. 2d 696, 701 (E.D. Tex. 2011) ("Courts analyze this factor in light

of the distance that documents, or other evidence, must be transported from their existing location to the trial venue."). Defendant asserts that it keeps its personnel files in Houston, Texas and that any other relevant records, to the extent that they exist, would be located in Odessa, Texas. Mot. 8. Thus, according to Defendant, "[t]he physical location and sheer distance of these records militates against maintaining venue in the El Paso Division." *Id.*

In contrast, Plaintiff claims that the location of records in Houston, Texas does not lend support to transferring the case to the Midland Division. Resp. 8. Plaintiff also asserts that Defendant's statement regarding the possibility of additional records located in Odessa, Texas is speculative and that these alleged records should not be considered in the Court's analysis because Defendant does not know whether such records actually exist. *Id.* 8 n.1. Moreover, Plaintiff states that records related to the EEOC's investigation of Plaintiff's civil rights complaint are located in El Paso, Texas. *Id.* 8. Thus, according to Plaintiff, "the location of the relevant documents weighs in favor of denying the motion to transfer venue." *Id.*

9

In considering this factor, it is undisputed that Defendant's personnel records are located in Houston Texas. It is also undisputed that the EEOC investigative records are located in El Paso, Texas.[2] What is disputed is whether any records are located in Odessa, Texas. Neither party, however, provides any information regarding the specific types of documents which are located in Houston, Odessa, and/or El Paso. Additionally, the parties fail to provide any information regarding the volume of documents and the significance of the documents (the evidentiary value) to the litigation. The Court can only assume that Plaintiff's personnel records will be relevant in a case relating to the claims at bar. Equally, the Court can reasonably assume that the EEOC records may possibly include witness statements and documents relating to the agency's deliberation and determination of the initial claim. While witness statements in an EEOC file may

---

[2] The Court is mindful that EEOC records are possibly kept in the location where the investigation occurred or where the claim was initially filed. It is equally possible that EEOC records can be kept at other regional offices. Given that Plaintiff's assertion regarding the location of documents in this case is not controverted, the Court will accept the El Paso EEOC office as the place where the EEOC records are located. That being said, Plaintiff did not cite to any case where a court considered the location of such documents as relevant to its determination in a motion to transfer venue; nor can the Court find such a case.

provide fertile ground for cross-examination, the Court is also unable to determine how else these records might be relevant to Plaintiff's case.

It is noteworthy that records relating to Plaintiff's employment that may be located in Houston, Texas are a long distance from both the Midland and El Paso Divisions. Given the fact that most records of significance are outside of the El Paso Division and that personnel records *may* be located Odessa, Texas, Plaintiff's former duty station, the Court concludes that this factor weighs in favor of granting the pending motion.

Plaintiff asserts, however, that even if the location of the employment records does point in favor of transfer, the location of the records should be given less weight "where the only evidence in question is paper or electronic records." *Id.* Plaintiff cites to case law stating that this factor "should weigh only slightly" in a court's transfer analysis given "advances in copying technology and information storage." *Id.* (citing *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 778 (E.D. Tex. 2000)) (internal quotation marks omitted). However, the Fifth Circuit, having considered a similar argument, stated: "That access to some sources of proof presents a lesser inconvenience now

11

than it might have absent recent development does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. The Fifth Circuit has also found this factor particularly relevant in the context of Title VII cases. *See In re Horseshoe Entm't*, 337 F.3d at 434 ("Where relevant employment records are maintained and administered is expressly stated as a venue factor in [Title VII's] special venue statute and should be weighed by a District Court in evaluating the 'interest of justice' aspect of the motion to transfer."). The Court thus finds that this factor is entitled to at least some weight, and it lends some support to a possible transfer to the Midland Division.[3]

## 2. Cost of Attendance for Willing Witnesses

The second factor to consider is the cost of attendance for willing witnesses. According to Defendant, five key witnesses work and reside in Odessa, Texas, which is 267 miles from El Paso, Texas. Mot. 4. These particular witnesses are Defendant's employees who either

---

[3] Plaintiff also argues that this factor is of limited importance "when a movant seeks only a transfer to another division in the same district, rather than transfer to a different district." Resp. 8 (citing *Moss v. Lockheed Martin Corp.*, No. 3:10-cv-1659-M, 2011 WL 197624, at *3–4 (N.D. Tex. Jan. 18, 2011). However, *Lockheed* involved a motion to transfer from the Dallas Division to the Fort Worth Division of the Northern District of Texas—divisions which are less than an hour away from each other. *See Lockheed*, 2011 WL 197624, at *3–4. Thus, *Lockheed* is less relevant where, as here, the distance between the two divisions is over 200 miles.

informed Plaintiff about the reasons for his termination, were present at the meeting where Plaintiff was terminated, or witnessed Plaintiff's allegedly insubordinate behavior. *Id.* 6–7. Two other potential key witnesses, who were identified by Plaintiff in his Complaint, work for Defendant in Houston, Texas. *Id.* 7.

On the other hand, Plaintiff asserts that he is a key witness, and he resides in El Paso, Texas. Resp. 6. Plaintiff also identifies his wife as a witness regarding "the effect that the discrimination and the termination had" on Plaintiff; she also resides in El Paso, Texas. *Id.* Ex. A.

"When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. The distance between the El Paso Division and the Midland Division is well over 200 miles. Most of the witnesses that Defendant and Plaintiff have identified live or work in Ector County, Texas, with the exception of Plaintiff, his wife, and the two witnesses from Houston, Texas. Regardless of where the trial is held, some witnesses will potentially

13

have to miss work and spend money on travel and overnight accommodations. Plaintiff argues that because "witnesses reside in both divisions, the convenience of witnesses is a neutral consideration in this case." Resp. 7. Plaintiff also adds that "[a] court should not transfer a case if the 'only practical effect is to shift inconvenience from the moving party to the nonmoving party.'" *Id.* 9 (citation omitted).

Plaintiff correctly notes that he and his wife would be inconvenienced by having to travel to the Midland Division, purchase overnight accommodations, and miss work.[4] Similarly, Defendant would also be inconvenienced because several of its employees would also have to miss work, which affects Defendant's operation and productivity. Moreover, Defendant likely would pay for the travel expenses of those witnesses it employs.

However, the proper consideration for this factor is not which party will be more inconvenienced—it is the cost of attendance for willing witnesses. If the case is not transferred, at least five witnesses will have to travel from Ector County, Texas to El Paso County, Texas.

---

[4] The Court notes, however, that Plaintiff, and perhaps his wife as well, would likely miss work to participate in the trial even if it were held in the El Paso Division.

14

Mot. 6–7. Moreover, two witnesses will have to make the long journey from Houston, Texas to El Paso County, Texas. *Id.* If the case is transferred, only two witnesses—Plaintiff and his wife—will be inconvenienced by travel to the Midland Division, and the Houston witnesses will have a shorter trip to make. Thus, it is more convenient (and less costly) for more witnesses to have the trial held in the Midland Division, and thus this factor lends support in favor of transfer.

### 3.   Availability of Compulsory Process to Secure Witnesses

The third factor to consider is the availability of compulsory process to secure witnesses. This factor applies only to non-party witnesses. *Vargas v. Seamar Divers Intern., LLC*, No. 2:10-CV-178-TJW, 2011 WL 1980001, at *5 (E.D. Tex. May 20, 2011). Moreover, for purposes of this factor, current employees of a party "should be considered party witnesses because they can be presumed to appear willingly on behalf of their party employer." *Id; see also Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D. Tex. 1993) ("[When] key witnesses are the employees of the moving party. . . . the moving party can compel those witnesses to attend the trial."). Most of the potential witnesses who have been identified are party witnesses

because they work for Defendant, and thus, they can be presumed to appear willingly on behalf of their employer. Although Plaintiff's wife is technically a non-party witness, she can also be presumed to appear willingly. Thus, the Court concludes that this factor is neutral and in equipoise to the Court's determination of the pending motion.

### 4. All Other Practical Problems

Finally, the Court must consider all other practical problems that make trial of a case easy, expeditious, and inexpensive. Plaintiff argues that the Court should take into consideration the "relative financial strengths of the parties." Resp. 8. Specifically, Plaintiff states that he is an "individual hourly wage-earner" whereas Defendant is a multinational corporation that does business on six continents and makes millions of dollars in profit. *Id.* 8–9. Similarly, Defendant asserts that it will incur substantial costs if several of its employees must travel to El Paso, Texas for trial. Mot. Ex. A, at 3. Thus, both parties claim that the other's choice of forum will cause financial hardship. Given the current pleadings before the Court, it is unable to

determine the relative financial hardship each party will bear.[5] Accordingly, the Court finds that this factor is neutral and in equipoise.

## D.   Public Interest Factors

Defendant argues that at least two of the public interest factors also point in favor of transfer.[6] According to Defendant, the first factor, administrative difficulties caused by court congestion, weighs in favor of transfer because "the Western District of Texas has been administratively divided along county lines to ensure an efficient docket system where local courts serve specific counties." Mot. 9. Plaintiff, however, claims that "Defendant points to nothing more than the existence of multiple divisions in the district." Resp. 9. The Court agrees with Plaintiff. Merely because the Western District of Texas has been statutorily divided along county lines into seven divisions does not mean that there will be "administrative difficulties caused by court congestion" where a case that could have been filed in one division is

---

[5] Plaintiff provided the Court with Defendant's financial report from the third quarter of 2014. Resp. Ex. C. However, other than stating that he is an "hourly wage-earner", id. 8, Plaintiff has provided no information about why travel to the Midland Division would cause financial hardship.

[6] Neither party contends that the other public interest factors—the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws or in the application of foreign laws—are implicated here.

17

instead filed in another division. Defendant has not identified any administrative difficulties that may arise by keeping the case in the El Paso Division; nor can the Court identify any such difficulties. Thus, this factor does not favor either party.

Defendant also argues that the second factor, local interest in adjudicating local disputes, weighs in favor of transfer to Midland. According to Defendant, "[b]ecause the principal claims asserted by Plaintiff did not arise in the geographic area served by the El Paso Division, there is no local interest in having this case decided here." Mot. 9–10. In contrast, Plaintiff argues that "in the context of Title VII litigation, Congress made the specific decision to permit discrimination victims to sue in any district within the state where discrimination occurred." Resp. 7. According to Plaintiff, "this Congressional determination overrides any possible 'local interest' in having a Title VII case decided in the same district as the discrimination." *Id.* Or, at the very least, Plaintiff argues that the Court should give less weight to this factor. *Id.*

The Court finds that the local interest in adjudicating local disputes is implicated here. The Midland Division has an interest in

adjudicating a dispute between an employer located within its boundaries and its workers. The Court understands that this interest might be somewhat tempered by Congress's enactment of Title VII's broad venue provision. However, while Congress may have enacted a broad venue provision for Title VII claims, Congress kept in place § 1404's transfer provision. Indeed, Congress specifically referenced § 1404 in Title VII's venue provision. *See In re Horseshoe Entm't*, 337 F.3d at 432 ("We note that the last sentence of this special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in this case."). This factor is thus still one that courts consider, even in civil rights cases, and, in this case, it favors transfer to the Midland Division.[7]

In sum, although not all of the private and public interest factors are implicated, those that are implicated point in favor of transfer to the Midland Division. The only real connection that this case has to the El Paso Division is Plaintiff's residence in El Paso County and the fact that

---

[7] To the extent that Plaintiff suggests that local interest should not be a factor because Title VII plaintiffs are in danger of facing biased local juries, Plaintiff has given no indication that he felt jurors in the Midland Division would be biased against him.

the EEOC office where Plaintiff filed his claim is located in El Paso County. Given the Midland Division's stronger ties to this case, the Court finds that Defendant has carried its burden to establish that the Midland Division is a clearly more convenient forum. Finally, the Court notes that it is not offensive that litigation arising from an employment relationship be conducted in the location where the parties voluntarily entered into the relationship and where the duty station was located. For all the reasons set forth herein, the Court concludes that Defendant's Motion should be granted.

Accordingly, **IT IS ORDERED** that Defendant Trican Well Service, L.P.'s "Motion to Transfer Venue" (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned cause is **TRANSFERRED** to the **MIDLAND DIVISION OF THE WESTERN DISTRICT OF TEXAS**.

SIGNED this \_\_27\_\_ day of February, 2015.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE